JAMES BOYLE *et al.*, Appellants, *v.* ELIJAH CARTER, ·Appellee.

24   49
65a  361

APPEAL FROM ROCK ISLAND.

Filing the note on which a suit is brought, counting upon it, and adding the common counts, with a general demand, is a compliance with the Practice Act.

The correctness of the description of a note, is a question of fact for the hearing; and is not a ground for a continuance.

A promissory note will authorize a recovery under the money counts.

Where there is *data* before the court, to show an error in the computation of interest, the judgment may be reformed in the Supreme Court; and costs will be awarded accordingly.

ON the 7th of August, A. D. 1859, appellee sued out of the office of the clerk of Rock Island Circuit Court his writ of summons in assumpsit against the appellants, returnable to the September term, 1859, of said court; damages, one thousand dollars.

The appellee filed his declaration, containing two counts. The first on a promissory note, as follows, to wit: " For that the defendants, on the 11th day of February, in the year of our Lord one thousand eight hundred and fifty-eight, at Rock Island, to wit, at the county and State aforesaid, by their promissory note of that date, for value received, promised to pay Elijah Carter, or order, six months from the date of said

Boyle et al. *v.* Carter.

note, five hundred dollars, which said time hath long since elapsed."

By reason whereof, etc.

Also, the ordinary common counts for goods sold; work done and materials provided; money received by defendants for use of plaintiff; money due on account stated; damages, one thousand dollars.

At the return term, the defendants below filed their motion for a continuance, in writing, specifying causes as shown hereafter.

At September term, 1859, defendants were called, and defaulted, and a judgment for the plaintiff and against the defendants for want of a plea, for $613.20 and costs, was rendered.

Defendants prayed an appeal.

The plaintiff filed with his declaration a promissory note in these words and figures:

$560.00.                                          *Rock Island, Feb.* 11, 1858.

For value received of Elijah Carter, we jointly and severally promise to pay him, or order, in six months from date, five hundred and sixty dollars.

D. BARNES.
JAMES BOYLE.

Also, with his declaration, plaintiff caused to be filed his account in these words and figures, to wit:

DAVID BARNES and JAMES BOYLE,

1859.                          *To* ELIJAH CARTER,                *Dr.*

Aug. 1.

To price of goods sold you......................................$1,000
To work and labor done for you, and materials furnished.......... 1,000
To money had by you to my use.................................... 1,000
To money due on account stated................................... 1,000

The motion for a continuance assigned these reasons:

1st. That the said plaintiff hath not as yet filed with his declaration any copy of the promissory note counted upon.

2nd. That the account of goods sold and work done, and materials for the same provided, and money due, filed with the declaration, and sought to be recovered upon under the common counts thereof, is so general and indefinite that the defendants cannot therefrom ascertain for what goods, work and material and money, or any of them, the plaintiff seeks to recover.

On the argument of this motion, plaintiff's attorneys produced and showed to the court, together with his declaration, the aforementioned promissory note and account attached to said declaration; it was admitted that the said note and account were the only note and account filed with said declaration; and

this was the only evidence produced or offered upon the hearing of said motion.

The court, DRURY, Judge, overruled the said motion.

When the cause was called for the assessment of the plaintiff's damages by the court, the plaintiff, by his attorneys, produced and offered to read in evidence under first count of declaration, the promissory note already set out, to the reading of which, defendants objected, and the court refused to permit said promissory note to be read in evidence under the said first count of said declaration. Thereupon said plaintiff offered to read in evidence the same promissory note under the common counts of said declaration, to which also the said defendants objected. But the court overruled the objection, and permitted the note to be read in evidence under the common counts of said declaration. This was all the evidence produced.

HAWLEY & WELLS, for Appellants.

BEARDSLEY & SMITH, for Appellee.

BREESE, J. We think, filing the note on which the suit was brought, counting upon it, and adding the common counts, is a compliance with the eighth section of the Practice Act. (Scates' Comp. 253.) It fully notifies the party what he is called upon to defend against.

Whether the note is correctly described or not, is a question of fact to be brought out on the trial, and can have nothing to do with a motion to continue the cause.

It is an established rule of practice and of law, that a promissory note may be given in evidence under the money counts, as in this case, and a recovery had.

The court erred, however, in calculating interest upon the note from its date, when it should have been calculated from its maturity, it being made payable six months after date. For this error the judgment must be reversed. As we have the data before us, on which to make up a correct judgment, we will not remand the cause, but enter judgment here for the amount really due, which we find to be, to this date, six hundred and thirty-one dollars and forty-nine cents. The appellants will recover the costs.

*Judgment affirmed.*