ALEXANDER TELFER

*v.*

HOSKINS, HEISKELL & Co.

1. PRACTICE IN THE SUPREME COURT — *correction of erroneous assessment of damages.* Although the Supreme Court has the 'power, when the proper *data* appears in the record, to correct an erroneous assessment of damages upon a promissory note, and to render a proper judgment without remitting the party to his remedy in the court below, yet such power will be exercised only in extraordinary cases.

2. In this case, the action being upon a promissory note, and a default entered, the clerk assessed the damages at a sum exceeding the proper amount by three

dollars and fifty cents, and this was assigned for error; but the party was remitted to his remedy in the court below.

3. PARTIES NAMES — *orders of court.* In giving the names of parties in an order of court, it is only necessary to so state them that there can be no mistake as to the cause in which the orders were entered. But if another designation be given, or other means of identification adopted, so as clearly to point out the cause in which the order is made, it answers every legal requirement.

4. ERROR — *as to identity of orders in a cause.* Whether an order of court is so entitled as to show in what cause it was entered, is a question of identity, not of error.

WRIT OF ERROR to the County Court of Grundy County; the Hon. COLQUHOUN GRANT, Judge, presiding.

Francis Hoskins, Colsin Heiskell, James F. Heiskell and Thomas J. Young, partners, doing business under the name, style and firm of Hoskins, Heiskell & Co., instituted an action of assumpsit in the court below, on the 18th day of February, 1858, against Alexander Telfer, upon the following promissory note:

"$500.                             Morris, Ill., Oct. 20, 1855.

"On the 1st December, 1857, after date, I promise to pay to the order of Hanna & Le Roy, five hundred dollars, at the banking office of C. H. & H. C. Goold, in Morris, Ill., value received, with interest at six per cent.

"ALEXANDER TELFER."

Indorsed, "HANNA & LE ROY."

A judgment, by default, was entered on the first day of March, 1858. The clerk assessed the damages at $574,50, and final judgment was entered for that amount.

The præcipe, summons and declaration all set forth the parties' names at length, but in all of the entries upon the order book in the court below, the style of the suit was as follows:

| | |
|---|---|
| HOSKINS, HEISKELL & Co., *v.* ALEXANDER TELFER. | Assumpsit. |

Telfer, the defendant below, sued out this writ of error, and questions the correctness of the proceedings in the County Court, upon two grounds:

*First*, that the assessment of damages was for too large a sum, by three dollars and fifty cents ; and, *Second*, that in giving the style of the suit in the entries upon the order book, the names of all parties should have been set forth at length.

Messrs. McRoberts & Goodspeed, for the plaintiff in error.

Mr. D. F. Cameron, for the defendants in error.

Mr. Chief Justice Caton delivered the opinion of the Court:

This was a judgment by default, and it .is claimed that the clerk assessed the damage too much by three dollars and fifty cents. If this be so, and admitting the power of this court to reform and reduce the judgment, as was done in *Boyle* v. *Carter*, 24 Ill. 49, in the exercise of a sound discretion, instead of compelling the party to apply to the court below, within the proper time, for a re-assessment of the damages ; this is certainly not a case which should call upon us to exercise this power. This should only be done in extraordinary cases.

The next and principal complaint is, that in all the orders of the court below the clerk omitted the entry, at length, of the names of the parties to the cause. The cause was properly commenced and entered upon the orders of the court, with the full names of the parties. After this it was only necessary to so designate the orders that there could be no mistake as to the cause in which they were entered. This is, no doubt, generally best done by placing the full title of the cause at the head of each order, but if another designation is given, or other means of identification adopted, so as to clearly point out in what cause the order is made, it answers every legal requirement. There may be cases where it would be advisable to abbreviate the title of the cause in the orders, as where the parties are very numerous with very hard names. This is simply a question of identity, and not of error. If the orders are identified as entered in this cause, then they are correct and well entered. If they are not identified as entered in this cause,

---

then they have nothing to do with it, and the defendant has no cause to complain of them for they do not affect him.

The judgment is affirmed.

*Judgment affirmed.*